**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

ANTHONY RAMOS and CHRISTIAN AGUILAR, on behalf of themselves and others similarly situated,

*Plaintiffs*,

v.

TOWERS CONSTRUCTION LLC, C & G CARPENTRY SERVICES, INC. and HITT CONTRACTING INC.,

*Defendants*.

Case No.:

**COLLECTIVE ACTION COMPLAINT**

**INTRODUCTION AND OVERVIEW**

1. This is a suit for unpaid wages, unpaid overtime, workplace fraud and worker misclassification under Federal and Maryland law. It is brought as a collective action, and as an individual action on behalf of each Plaintiff.

2. Plaintiffs Anthony Ramos and Christian Aguilar, individually and on behalf of all others similarly situated (collectively "Plaintiffs") bring this action against Defendants Towers Construction LLC ("Towers"), C & G Carpentry Services, Inc. ("C&G"), and HITT Contracting, Inc. ("HITT," and collectively, "Defendants"), seeking all available relief to remedy Defendants underpayment and misclassification of Plaintiffs. Specifically, Plaintiffs allege that Defendants Towers and C&G failed to pay Plaintiffs their legally mandated wages in violation of the Fair Labor Standards Act ("FLSA"), the Maryland Wage and Hour Law ("MWHL"), the Maryland

Wage Payment and Collection Law ("MWPCL"), and the Maryland Workplace Fraud Act ("MWFA"). Plaintiffs further allege that Defendant HITT is jointly and severally liable for violations of the MWPCL committed by Defendants Tower and C&G.

## BACKGROUND

3. Wage theft and worker misclassification are rampant in the construction industry in the greater District of Columbia metropolitan area.[1] Worker misclassification is a form of payroll abuse where workers that should be classified as employees are illegally classified as independent contractors.[2] By misclassifying workers, employers deny employees their lawful wages and benefits while simultaneously underfunding social insurance programs like Social Security, Medicaid, unemployment insurance, and workers' compensation.[3]

4. One way in which misclassification and wage theft are perpetrated is through the use of subcontractors who fail to follow Maryland and federal wage and misclassification laws.[4] Defendants have engaged in such conduct, the effect of which is to deny employees on their construction sites, like Plaintiffs, their lawfully owed wages and benefits, in violation of federal and state wage and misclassification laws.

---

1 *See* "Illegal Worker Misclassification: Payroll Fraud in the District's Construction Industry," Issue Brief and Economic Report, D.C. Office of the Attorney General, at 1, (Sept 2019) *available at* https://oag.dc.gov/sites/default/files/2019-09/OAG-Illegal-Worker-Misclassification-Report.pdf; *see also* "The Underground Economy and Wage Theft in Washington DC's Commercial Construction Sector" (April 2021) *available* athttp://catholiclabor.org/wp-content/uploads/2021/04/Underground-Economy-and-Wage-Theft-Report- 4.14.pdf.

2 *Id.*

3 *Id.*

4 *Id.* at 6.

5. Plaintiffs seek to hold Defendants accountable for their illegal behavior. Federal and Maryland law entitles Plaintiffs, and other similarly situated workers, to recover their wage underpayments and damages.

**JURISDICTION AND VENUE**

6. This Court has subject matter jurisdiction over Plaintiffs' FLSA claims pursuant to 28 U.S.C. § 1331, which confers jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." This Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1337, which confers federal jurisdiction over "any civil action or proceeding arising under any Act of Congress regulating commerce."

7. This Court has supplemental jurisdiction over Plaintiffs' state-law claims pursuant to 28 U.S.C. § 1367(a), which confers federal subject matter jurisdiction over "all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." As discussed below, Plaintiff's state-law claims arise from a common set of operative facts—*i.e.*, their employment by Defendants as construction workers at the Sophia Bethesda project—and are so related to the claims within the original jurisdiction of the Court that they form part of the same case or controversy.

8. Venue is proper pursuant to 28 U.S.C. § 1391 as a substantial portion of the events or omissions giving rise to the claim occurred in this district.

**PARTIES**

9. Plaintiff Anthony Ramos is a resident of Maryland and was employed as a construction worker in Maryland. In 2024, he was employed by Defendants Towers and C&G on a construction project in Bethesda, Maryland, where he performed work for the benefit of Defendant HITT.

10. Plaintiff Christian Aguilar is a resident of Virginia and was employed as a construction worker in Maryland. In 2024, he was employed by Defendants Towers and C&G on a construction project in Bethesda, Maryland, where he performed work for the benefit of Defendant HITT.

11. Defendant Towers Construction, LLC ("Towers") is a corporation organized in Virginia with its principal place of business in Arlington, Virginia. Defendant Towers was a joint employer of Plaintiffs with Defendant C&G. Defendant Towers was a subcontractor to Defendant C&G on the Project.

12. Defendant C&G Carpentry Services, Inc. ("C&G") is a corporation organized in Maryland with its principal place of business in Gaithersburg, Maryland. Defendant C&G was a joint employer of Plaintiffs with Defendant Towers. Defendant C&G was a subcontractor to HITT on the Project.

13. Defendant HITT Contracting Inc. is a general contractor incorporated in Virginia that provides construction services nationwide, including in Maryland. HITT's principal office is located in Falls Church, Virginia. This lawsuit seeks relief from any entity affiliated with or controlled by HITT to the extent that such entity may be liable to Plaintiffs.

**FACTUAL ALLEGATIONS**

14. Defendant HITT was the general contractor responsible for the construction of an apartment building known as the Sophia Bethesda at 4931 St. Elmo Avenue in Bethesda, Maryland the "Project").

15. Defendant HITT subcontracted some of its work on the Project to Defendant C&G.

16. Defendant C&G subcontracted some of its work on the Project to Defendant Towers.

17. In the fall of 2023, Plaintiffs began performing work for Defendants at the Project. Plaintiffs' job duties included metal framing and hanging drywall. Plaintiff Ramos worked on the Project from approximately November 2023 through March 2024 and Plaintiff Aguilar worked on the Project from approximately October 2023 through March 2024.

18. While employed by Defendants Towers and C&G, Plaintiffs and others similarly situated, were not properly compensated for their work.

19. For example, Plaintiff Ramos worked on the Project from approximately November 2023 through approximately March 2023. He typically worked approximately 8 hours per day, Monday through Saturday, for a total of approximately 48 hours per week and was paid at a rate of $25/hour. However, Plaintiff Ramos was not paid at all for his last several weeks working on the Project. Additionally, Plaintiff Ramos was paid at the same rate for all hours worked, including hours worked in excess of forty hours per week. Plaintiff Ramos was not paid a time-and-a-half overtime rate for hours worked in excess of forty in one workweek.

20. For example, Plaintiff Aguilar worked on the Project from approximately October 2023 through approximately March 2023. He typically worked approximately 8 hours per day, Monday through Friday, as well as approximately 8 hours on Saturday on some Saturdays. Plaintiff Aguilar was paid at a rate of $25/hour. However, Plaintiff Aguilar was not paid at all for his last several weeks working on the Project. Additionally, Plaintiff Aguilar was paid at the same rate for all hours worked, including hours worked in excess of forty hours per week. Plaintiff Aguilar was not paid a time-and-a-half overtime rate for hours worked in excess of forty in one workweek.

21. There are several individuals similarly situated to the named plaintiffs who were also not paid all lawfully owed wages by Defendants Towers and C&G.

22. There are several individuals similarly situated to the named plaintiffs who were also not paid at the legally required overtime rate by Defendants Towers and C&G

23. Plaintiffs and others similarly situated performed their work at the direction of Defendants Towers and C&G.

24. Defendants Towers and C&G jointly controlled and directed the services of Plaintiffs and others similarly situated.

25. Defendant Towers and C&G set Plaintiffs' work schedules. Plaintiffs were not permitted to set their own work schedules.

26. Defendants Towers amd C&G directed what specific tasks Plaintiffs and others similarly situated were required to perform at construction sites.

27. Defendants Towers and C&G set Plaintiffs' rates of pay and were responsible for paying wages to Plaintiffs and others similarly situated.

28. Defendant Towers had the authority to hire and fire Plaintiffs and others similarly situated.

29. Defendant C&G had the authority to fire Plaintiffs and others similarly situated.

30. Plaintiffs' work was within the usual course of Defendants' construction businesses.

31. Plaintiffs were not engaged in work that is customarily and independently established trade and were not exempt employees.

32. While employed at the Project, Plaintiffs were paid as if they were independent contractors.

33. Plaintiffs were employees under applicable law and were not independent contractors.

34. No qualifying written contract ever existed between the Defendants and the Plaintiffs pursuant to Md. Code, Lab. & Empl. Art. § 3-903.1(1)(i).

35. Proper payroll deductions were not taken from Plaintiffs' compensation.

36. Plaintiffs were not paid for several weeks of work.

37. Defendants Towers and C&G are liable to Plaintiffs because they set Plaintiffs' rates of pay and directly controlled the work of Plaintiffs, including by assigning their work tasks and setting their hours.

38. As the general contractor on the Project, Defendant HITT is strictly liable to Plaintiffs for the violations of the MWPCL because one of their subcontractors was an employer of Plaintiffs and others similarly situated.

**COLLECTIVE ACTION ALLEGATIONS**

39. This action is maintainable as an opt-in collective action as to the FLSA claims pursuant to the procedures set out in 29 U.S.C. § 216(b).

40. Defendants failed to pay Plaintiffs and all other similarly situated individuals minimum wage for all hours worked.

41. Defendants failed to pay Plaintiffs and all other similarly situated individuals one-and-a-half times their regular rate of pay for those hours worked in excess of forty in any one workweek.

42. This action can, and should be, maintained as a collective action for all claims to unpaid overtime compensation and minimum wages that can be redressed under the FLSA.

43. For those claims that can be certified as a collective action, Plaintiffs seek certification of these claims as a collective action on behalf of all employees of Towers and/or C&G on the Project who (1) were not compensated with one-and-a-half times their regular rate of

pay for those hours worked in excess in any one workweek, or (2) were not compensated for all hours worked, at any time actionable under the limitations period applicable to the given claim until the date of judgment. The workers will be referred to jointly as the "Collective Action Members."

44. Collective Action Members are similarly situated. Collective Action Members have been subjected to the same or substantially the same pay policies and practices. The identities of the proposed collective action are known to Defendants and can be located through Defendants' records.

45. Plaintiffs hereby consent to be party plaintiffs in this action under 29 U.S.C. § 216(b). If this case does not proceed as a collective action, Plaintiffs intend to seek relief individually.

**CAUSES OF ACTION**

**COUNT I**
**VIOLATION OF FLSA MINIMUM WAGE AND OVERTIME PROVISIONS**
**(Against Defendants Towers and C&G)**

46. Plaintiffs re-allege and incorporate by reference the allegations set forth in the preceding paragraphs.

47. Plaintiffs and the Collective Action Members are employees and entitled to the FLSA's protections.

48. Defendants Towers and C&G are employers covered by the FLSA and are and were employers of Plaintiffs and Collective Action Members.

49. The FLSA entitles employees to minimum hourly compensation of $7.25 for hours worked up to forty any one week. *See* 29 U.S.C. § 206(b).

50. The FLSA further requires employers to pay non-exempt employees an overtime premium of one-and-one-half times their regular hourly rate for hours worked in excess of 40 hours in any one work week.

51. In violating the FLSA, Defendants Towers and C&G acted willfully and with reckless disregard of clearly applicable FLSA provisions.

52. Defendants Towers and C&G are liable to Plaintiffs and the Collective Action Members under the FLSA § 216(b) for all unpaid overtime wages, plus an equal amount in liquidated damages, plus interest, attorney's fees, costs, and any other and further relief this Court deems appropriate.

## COUNT II
## VIOLATION OF MWHL MINIMUM WAGE AND OVERTIME PROVISIONS
## (Against Defendants Towers and C&G)

53. Plaintiffs re-allege and incorporate by reference the allegations set forth in the preceding paragraphs.

54. Plaintiffs are employees and entitled to the MWHL's protections.

55. Defendants are employers covered by the MWHL and are and were employers of Plaintiffs.

56. At all relevant times in 2023, the MWHL entitled employees to minimum hourly compensation of $13.25 for hours worked under forty in any one work week.

57. Starting on January 1, 2024, the MWHL entitled employees to minimum hourly compensation of $15.00 for hours worked under forty in any one workweek.

58. The MWHL further requires employers to pay employees an overtime wage of at least 1.5 times the usual hourly wage for hours worked over forty in any one work week.

59. Defendants Towers and C&G failed to pay Plaintiffs minimum wage for all hours worked and one-and-one-half times their regular hourly rate for hours worked in excess of forty in any one work week.

60. In violating the MWHL, Defendants Towers and C&G acted willfully and with reckless disregard for clearly applicable MWHL provisions.

61. Defendants are liable to Plaintiffs for all unpaid wages, unpaid overtime wages, plus liquidated damages, plus interest (both pre- and post- judgment), attorney's fees, costs, and any other further relief this Court deems appropriate.

**COUNT III – VIOLATION OF MARYLAND WAGE PAYMENT AND COLLECTION LAW**
**(Against All Defendants)**

62. Plaintiffs re-allege and incorporate by reference the allegations set forth in the preceding paragraphs.

63. Plaintiffs are employees and entitled to the MWPCL's protections.

64. Defendants are employers covered by the MWPCL and are and were employers of Plaintiffs.

65. Under the MWPCL § 3-502, Defendants were required to pay Plaintiffs all wages due for work performed.

66. For each hour worked, Defendants were required to pay Plaintiffs the greater of: (1) the wages they were promised or (2) for qualifying hours, the overtime rate they were entitled to pursuant to state and federal law.

67. Defendants failed to timely pay Plaintiffs their required wage rate for all hours they worked, in violation of the MWPCL § 3-502.

68. Under the MWPCL, "a general contractor on a project for construction services is jointly and severally liable for a violation of this subtitle that is committed by a subcontractor, regardless of whether the subcontractor is in a direct contractual relationship with the general contractor." MWPCL § 3-507.2

69. Defendants' violations of the MWPCL were repeated and willful.

70. Defendants are liable to Plaintiffs under the MWPCL § 3-507.1 for three times their unpaid wages, interest (both pre- and post- judgment), attorneys' fees, costs, and other and further relief this Court deems appropriate.

**COUNT IV – VIOLATIONS OF MARYLAND WORKPLACE FRAUD LAW**
**(Against Defendants Towers and C&G)**

71. Plaintiffs were employed by Defendants Towers and C&G for "construction services" within the meaning of the MWFA, Md. Code, Lab. & Empl. Art. § 3-901.

72. Defendants Towers and C&G were "employers" of Plaintiffs within the meaning of the MWFA, Md. Code, Lab. & Empl. Art. § 3-901.

73. The MWFA forbids employers from misclassifying employees as independent contractors. Md. Code, Lab. & Empl. Art. § 3-903.

74. Defendants Towers and C&G violated the MWFA by knowingly misclassifying Plaintiffs as independent contractors.

75. Defendants Towers and C&G's violations of the MWFA were willful.

76. As a result of Defendants Towers and C&G's misclassification, Plaintiffs were not paid an overtime premium for hours worked in excess of forty in any one workweek and did not receive other benefits and protections.

77. For their violations of the MWFA, Defendants Towers and C&G are liable to Plaintiffs and similarly-situated employees for unpaid overtime wages, plus an amount equal to three times the unpaid overtime wages as damages, plus interest, court costs, reasonable attorneys' fees and expenses, and any other relief deemed appropriate by the Court.

**PRAYER FOR RELIEF**

1. WHEREFORE, Plaintiffs, on behalf of themselves and others similarly situated, respectfully request that the Court:

a. Declare this action to be maintainable as a collective action pursuant to the FLSA, and direct Defendants to provide to Plaintiffs a list of all Collective Action Members, including the last known address and telephone number of each such person, so that Plaintiffs can give such persons notice of this action and an opportunity to make an informed decision about whether to participate in it;

b. Determine the damages sustained by Plaintiffs as a result of Defendants violations of the FLSA and award such damages against Defendants in favor of Plaintiffs and all similarly situated individuals, plus an equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b), plus such pre-judgment interest as may be allow by law;

c. Determine the damages sustained by Plaintiffs as a result of Defendants' violations of the MHWL, the MWPCL, and the MWFL and award all appropriate damages resulting therefrom to Plaintiffs;

d. Award Plaintiffs reasonable attorneys' fees and costs incurred in this

action, and;

e. order such other relief as this Court deems just and equitable.

Dated: April 26, 2024

Respectfully submitted,

*/s/* Rachel Nadas
Rachel Nadas, VSB # 89440
Matthew K. Handley, *pro hac vice* forthcoming
Handley Farah & Anderson PLLC
1201 Connecticut Avenue, Suite 200K
Washington, DC 20036
Telephone: 202-899-2991
email: rnadas@hfajustice.com

Matthew B. Kaplan, VSB # 51027
THE KAPLAN LAW FIRM
1100 N. Glebe Rd. Suite 1010
Arlington, VA 22201
Telephone: (703) 665-9529
email: mbkaplan@thekaplanlawfirm.com

*Attorneys for Plaintiffs*